JOHN WESLEY GRAYSON, Jr., M.D., Individually and as Trustee of the Grayson Trust, Appellant, *v.* CLIFFORD A. JONES, HERBERT M. JONES, THOMAS G. BELL, MELVIN D. CLOSE aka MELVIN D. CLOSE, Jr., and JOSEPH W. BROWN, Respondents.

No. 16140

December 12, 1985                    710 P.2d 76

*Johns & Johns,* Las Vegas, for Appellant.

*Wright, Shinehouse & Stewart,* Las Vegas, for Respondents.

---

## OPINION

*Per Curiam:*

This is an appeal from summary judgment entered by the trial court in favor of respondents, Clifford A. Jones, Herbert M. Jones, Thomas G. Bell, Melvin D. Close, and Joseph W. Brown. The trial court found that there was no genuine issue of material fact and that respondents were entitled to judgment as a matter of law. We conclude that the trial court was correct; accordingly, we affirm the summary judgment.

Respondents are directors, officers, shareholders, and employees of the professional legal corporation Jones, Jones, Close & Brown, Chartered.[1] Appellant, Dr. Grayson, has alleged that Gary Goodheart, also a director, officer, shareholder, and employee of Jones, Jones, Close & Brown, was involved in a conspiracy to wrongfully terminate appellant's employment with two medical corporations, Associated Pathologists, Chartered (APC) and International Progress Modalities (IPM). Goodheart was counsel for both APC and IPM during all times relevant to appellant's complaint. Appellant seeks to hold respondents personally liable for any wrongful acts of Goodheart.

A member of professional legal corporation in Nevada is not individually liable for the tortious acts of other members of that professional legal corporation unless he/she personally participated in those tortious acts. *See* NRS 89.060.[2] Thus, it is clear

---

[1]Mr. Bell left the corporation in April, 1984; however, he remains a party to this appeal.

[2]NRS 89.060 states in relevant part:

The provisions of this chapter [Chapter 89] relating to professional corporations do not modify any law applicable to the relationship between a person furnishing professional service and a person receiving such service, including liability arising out of such professional service; but nothing contained in this section shall render:

1. A person personally liable in tort for any act in which he has not personally participated. . . .

that, as a matter of law, respondents cannot be held individually liable for the alleged tortious acts of Goodheart unless they personally participated in those acts.

Respondents are entitled to judgment if there exists no genuine issue as to the fact of their personal participation in the acts of Goodheart. *See* Nevada Rule of Civil Procedure 56(c). It is true that in evaluating the propriety of a grant of summary judgment, we must "review the evidence in the light most favorable to the party against whom summary judgment was rendered," Servaites v. Lowden, 99 Nev. 240, 244, 660 P.2d 1008 (1983); however, appellant must allege "*specific facts* showing that there is a genuine issue for trial." Rule 56(e). (Emphasis added.)

Appellant's affidavits do not allege any facts showing that respondents personally participated in the alleged tortious acts of Goodheart. Respondents state in their affidavits that they did not personally participate in Goodheart's representation of the medical corporations. Appellant points to no specific fact in his affidavits to contradict respondents' denial of personal involvement. Therefore, we conclude that appellant has not met the burden imposed on him by Rule 56(e).

Because respondents are entitled to judgment as a matter of law, and appellant showed no triable issue of fact, we affirm the trial court's grant of summary judgment.